Mutale v. Lynch

BIA
Straus, IJ
A096 265 793

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

BAMBINO KANKUBA MUTALE,
> *Petitioner,*

v.                                           12-2455
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          James E. Swaine, Hamden, CT.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Terri Scadron, Assistant Director; Lisa M. Damiano, Trial Attorney; Harris B. Hoffberg, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bambino Kankuba Mutale, a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of a May 23, 2012, order of the BIA affirming the April 21, 2010, decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bambino Kankuba Mutale*, No. A096 265 793 (B.I.A. May 23, 2012), *aff'g* No. A096 265 793 (Immig. Ct. Hartford Apr. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Mutale does not challenge the agency's denial of CAT relief before this

Court, and because he did not argue before the BIA that the IJ erred by incorporating the findings and decision of the Asylum Officer into his decision, and the government has raised this failure to exhaust, we do not consider this issue.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007).

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000).  Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record . . . why it is reasonable . . . to expect such corroboration; and [] why . . . explanations for the lack of such corroboration are insufficient."  *Id*. at 290.

Here, the IJ identified the evidence that Mutale needed to corroborate his claim — documents regarding the activities of the Katangan People's Congress ("KPC") in the DRC and Zambia, that the DRC government sought to harm KPC members, and that there was a massacre of KPC members in

3

Lubumbashi in 1997 — and Mutale had an opportunity either to provide that evidence or explain why it was not reasonably available. Mutale neither provided this evidence to the IJ nor explained why he was unable to provide such documentation. In his appeal to the BIA, Mutale stated that due to the generally violent conditions in the DRC, there was minimal evidence regarding specific incidents, such as the massacre in 1997. However, this does not explain why there is no mention of the KPC at all in any of the country condition reports, or why Mutale was unable to provide personal statements from his wife or other KPC members attesting to the organization's activities and the government's campaign against the KPC. *See id.* at 285-86; *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Accordingly, because the agency identified the required evidence and gave Mutale time to obtain it, and because Mutale failed to explain why such evidence was unavailable, the agency did not err in relying on his lack of corroboration and determining that his testimony alone could not establish a well-founded fear of future persecution on account of a protected ground. *See Majidi*, 430 F.3d at 80-

4

81; *Diallo*, 232 F.3d at 285-86, 290.

Because Mutale was unable to establish a well-founded fear of future persecution, the agency did not err in denying his application for asylum, and he was necessarily unable to meet the higher standard for withholding of removal. *See* 8 C.F.R. § 1208.13(b); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk